EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY BUZBEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GAYLE DICKIE, JASON VAN EMAN, | § | |
| JAMES ALLEN BRADLEY, | § | |
| WEATHERVANE PRODUCTIONS, INC., | § | |
| FORREST CAPITAL PARTNERS, INC., | § | CIVIL NO.   4:14-cv-3431 |
| FORREST CAPITAL & CO., LLC, FIRST | § | |
| CLEARING, LLC, WELLS FARGO | § | |
| BANK, N.A., WELLS FARGO ADVISORS, | § | |
| LLC, AND HEY GIRL HEY | § | |
| ENTERTAINMENT LLC/3WAY FILMS | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL**

---

Pursuant to Southern District Local Rule 81, Defendants Forrest Capital Partners, Inc. and Forrest Capital and Co., LLC submits the following Index of Matters Filed with Notice of Removal:

Exhibit 1-A:   A copy of the state-court docket sheet

Exhibit 1-B:   *Plaintiff's Original Petition*

Exhibit 1-C:   Civil Process Request for *Plaintiff's Original Petition*

Exhibit 1-D:   Civil Process Pick-Up Form

Exhibit 1-E:   Return of Service – *Weathervane Productions, Inc.*

Exhibit 1-F:   Clerk's certificate of cash deposit in lieu of injunction bond per order of the Court

Exhibit 1-G:   *Temporary Restraining Order*

Exhibit 1-H:   *Plaintiffs First Amended Petition and Request for Temporary Restraining Order* and Verification

Exhibit 1-I:   Civil Process Request for *Plaintiffs First Amended Petition and Request for Temporary Restraining Order*

Exhibit 1-J:   *Original Answer of Defendants Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC and First Clearing, LLC*

Exhibit 1-K:   Return of Service – Hey Girl Hey Entertainment LLC

Exhibit 1-L:   Defendants Gayle Dickie, Jason Van Eman, James Allen Bradley, Weathervane Productions, Inc., and Hey Girl Hey Entertainment LLC's Consent to Removal

Exhibit 1-M:   List of Counsel of Record

# EXHIBIT 1-A

**Chronological Case History**

| | | | | | |
|---|---|---|---|---|---|
| **Style** | BUZBEE, ANTHONY G vs. DICKIE, GAYLE | | | | |
| **Case Number** | 201460989 | **Case Status** | Active - Civil | **Case Type** | FRAUD |
| **File Court** | 234 | **File Date** | 10/20/2014 | **Next Setting** | 12/1/2014 |

| Date | Type | Description |
|---|---|---|
| N/A | SERVICE | **PERSON SERVED:** DICKIE, GAYLE **SERVICE TYPE:** CITATION(NON-RESIDENT) **INSTRUMENT:** ORIGINAL PETITION |
| N/A | SERVICE | **PERSON SERVED:** BRADLEY, JAMES ALLEN **SERVICE TYPE:** CITATION (NON-RESIDENT CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| N/A | SERVICE | **PERSON SERVED:** VANEMAN, JASON **SERVICE TYPE:** CITATION (NON-RESIDENT CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| 10/20/2014 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 234 |
| 10/20/2014 | DOCUMENT | ORIGINAL PETITION **COURT:** 234 **ATTORNEY:** BUZBEE, ANTHONY **PERSON FILING:** BUZBEE, ANTHONY G |
| 11/15/2014 | SERVICE | **PERSON SERVED:** HEY GIRL HEY ENTERTAINMENT L L C (A LIMITED LIABILITY COMPANY) BYSERVING ITS REGISTERED AGENT GAYLE DICKIE **SERVICE TYPE:** CITATION (NON-RESIDENT CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| 11/17/2014 | SERVICE | **PERSON SERVED:** WEATHERVANE PRODUCTIONS INC (A CORPORATION) BY SERVING ITS REGISTEREDAGENT EASTBIZCOM INC **SERVICE TYPE:** CITATION (NON-RESIDENT CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| 11/19/2014 | ACTIVITY | APPEARANCE ON TEMPORARY INJ OR TEMPORARY RESTRAINING ORD **COURT:** 234 |
| 11/19/2014 | ACTIVITY | MOTION FOR TEMPORARY RESTRAINING ORDER GRANTED **COURT:** 234 |
| 11/19/2014 | DOCUMENT | FIRST AMENDED ORIGINAL PETITION **COURT:** 234 **ATTORNEY:** BUZBEE, ANTHONY **PERSON FILING:** BUZBEE, ANTHONY G |
| 11/19/2014 | ORDER | ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER **COURT:** 234 **PGS.** 3 |
| 11/19/2014 | ORDER | ORDER SETTING BOND SIGNED **COURT:** 234 **PGS.** 3 |
| 11/19/2014 | ORDER | ORDER SIGNED SETTING HEARING **COURT:** 234 **PGS.** 3 |
| 11/25/2014 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 234 **ATTORNEY:** BALLARD, JACK D. **PERSON FILING:** FIRST CLEARING LLC |
| 11/25/2014 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 234 **ATTORNEY:** BALLARD, JACK D. **PERSON FILING:** WELLS FARGO BANK, N.A. |
| 11/25/2014 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 234 **ATTORNEY:** BALLARD, JACK D. **PERSON FILING:** WELLS FARGO ADVISOR, LLC |

EXHIBIT 1-B

10/20/2014 12:07:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2883405
By: Marcella Hill
Filed: 10/20/2014 12:07:59 PM

## 2014-60989 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| ANTHONY G. BUZBEE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| GAYLE DICKIE, JASON | § | |
| VANEMAN, JAMES | § | |
| ALLEN BRADLEY, | § | |
| WEATHERVANE PRODUCTIONS, INC. | § | |
| and HEY GIRL HEY ENTERTAINMENT | § | |
| LLC/3WAY FILMS | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFF ANTHONY G. BUZBEE complaining of DEFENDANTS GAYLE DICKIE, JASON VANEMAN, JAMES ALLEN BRADLEY, WEATHERVANE PRODUCTIONS, INC. and HEY GIRL HEY ENTERTAINMENT LLC, and in support hereof, Plaintiff respectfully shows this Honorable Court the following:

**I.**
**Summary of the Case**

This is a case for fraud against various Defendants who purport to be in the movie business in California. It is now known that Defendants are charlatans. Defendants convinced Plaintiff through lies and deception to invest $1.5 million into a movie. When that movie failed to go forward as promised, Defendants lied again in an attempt to move Plaintiff's monies to another project. Unbeknownst to Plaintiffs, most of the representations made by Defendants were utterly false. Plaintiff's monies were actually being used as security, and not for a movie investment. The actors and other individuals who were supposedly involved in the movie really

were not. When Plaintiff found out about all of the Defendants' lies and demanded his money

back, Defendants continued to delay and refuse to return the monies. Defendants now admit they

are wrongfully holding $1.5 million of Plaintiff's monies, but refuse to return the monies. This is

not the first time that Defendants have been sued for fraud and wrongfully withholding monies;

At least two of the Defendants were sued previously for similar conduct. Plaintiff seeks damages

of $1.5 million, along with $5 million in punitive damages, attorneys' fees, and costs to ensure

this is the last fraudulent scheme that Defendants will be involved in.

## I.
## Parties

1.    Plaintiff is an individual residing in Houston, Texas.

2.    Defendants Gayle Dickie and James Allen Bradley are individuals residing in California.

3.    Defendant Hey Girl Hey Entertainment, L.L.C. is a limited liability company
      headquartered in California. This Defendant can be served via its registered agent: Gayle
      Dickie, 20000 Winnietka Pl, Woodland Hills, CA 91364.

4.    Defendant Jason VanEman is an individual residing in Nevada.

**5.**    Defendant Weathervane Productions, Inc. is a corporation headquartered in Nevada. This
      Defendant can be served via its registered agent: EASTBIZCOM, INC., 5348 Vegas
      Drive, Las Vegas, Nevada 89108.

## III.
## Jurisdiction

6.    Plaintiffs seek damages that exceed the jurisdictional limits of this Court. This Court thus
      has subject matter jurisdiction.

7.     Defendants travelled to, and committed torts in, Texas. This Court therefore has personal jurisdiction.

## IV.
## Venue

8.     A substantial part of the events giving rise to Plaintiffs' claims occurred in Harris County, Texas. The fraud at issue occurred in Harris County, Texas. Venue is therefore proper.

## V.
## Nature of the Case

9.     Plaintiff is an attorney who resides in Houston.

10.    Defendants purport to be in the movie business. Defendants Gayle Dickie and James Allen Bradley purport to be producers, and purport to have been involved in multiple movie projects. Hey Girl Hey Entertainment is owned by Dickie and is a corporate vehicle with which she attempts to conduct business.

11.    Defendant James VanEman wants to be in the movie business. Ostensibly through a trust, VanEman invests in movies with the hope to become an actor.

12.    Defendants approached Plaintiff in Houston in June of 2014. Defendants claimed that they were the producers of a movie entitled "In Light of the Dance." Defendants claimed that they had half of the funding needed to complete the movie ($1.5 million), and needed the other half. Defendants represented that the investment would be 80% insured by Lloyds of London. Defendants further claimed that the movie would be distributed and marketed by Lionsgate. Defendants also claimed that the international dance troupe, Burn the Floor, was "attached" to the movie, and would perform in it. Defendants further claimed that the choreographer of Burn the Floor would be actively involved in the

3

movie. Defendants claimed the filming locations were obtained, and that filming should begin in August 2014.

13. Defendants also claimed that they had made an "offer" to Ryan Gosling, and that he was considering being in the movie. Later, Defendants claimed that they were in "discussions" with Justin Timberlake.

14. After several phone conferences, relying on Defendants' representations, Plaintiff agreed to invest in the movie. Defendants represented to Plaintiff that the money needed to be wired immediately because filming would occur in August, and asked Plaintiff to sign a financing agreement. Plaintiff did so and immediately wired the monies requested.

15. Almost immediately after wiring the money, Defendants stated that they would be traveling to Canada to meet their Canadian partner. Defendants also claimed that they had set up offices in Canada, and had already started pre-records and sync licensing for the music.

16. Within one month of Plaintiff sending the monies, Defendants began making excuses as to why the previously provided production schedule would not occur. Rather than filming in August, Defendants claimed that the movie now would film in October instead. As the days wore on, Defendants continued to delay. Defendants claimed that there were issues with the writer, and issues with the location. Later, Defendants stated that there were issues with the dance troupe with regard to their schedules. Finally, Defendants offered as an excuse that Justin Timberlake's schedule would not allow the filming until early the next year.

17. By the first week of August, contrary to all of their previous representations, Defendants were asking Plaintiff to "move" the monies to another picture. According to the

Defendants, various production delays would prevent the previous movie from going forward as planned. Defendants also represented that, because Justin Timberlake's schedule would not allow filming until April of 2015, they wanted to start on another movie and then start In Light of the Dance later.

18.     Plaintiff was confused with Defendants seemingly abrupt change of plans. To assuage the Plaintiff, Defendants traveled to Houston to meet with Plaintiff. In that meeting, Defendants represented that the new movie would be better, and that it was already planned and ready to shoot. According to Defendants, if Plaintiff's monies were left in In Light of the Dance, that movie would not go forward until the next year, and it would be better to put the monies in a movie that was to shoot immediately. At the meeting, Plaintiff instructed Defendants to send the paper work to move the monies so that it could be reviewed, and that Plaintiff would think it over.

19.     The next day, Defendants sent Plaintiff a long email again reiterating that the move of the monies was needed immediately, or the project could not go forward. To that email, Plaintiff wrote agreed, and asked to review the formal documentation to make the transfer.

20.     While waiting for the formal documentation, Plaintiff received disturbing information. Defendants had been sued for fraud and breach of contract by investors in Hawaii. Much of what the Defendants had represented was demonstrably false. There was no agreement with the international dance troupe. There was no ongoing negotiation with Justin Timberlake. There was no production schedule. The reason Defendants wanted to move the monies was so they could control the monies themselves, and extricate themselves from the writer of In Light of the Dance.

21.     Upon learning of Defendants' falsities, Plaintiff instructed the Defendants to immediately return his monies. Defendants refused to do so. When Plaintiff informed Defendants that there was no agreement that allowed them to keep his monies, Defendants sent Plaintiff an agreement and pretended that Plaintiff had signed off on it, even though he had never seen it. In fact, in the agreement sent to Plaintiff, there was no mechanism for Plaintiff to obtain any return on the monies; Defendants were attempting to use an email exchange as some sort of agreement to a contract he never saw.

22.     As of the filing of this lawsuit, despite repeated assurance for over a month that Plaintiff's monies would be returned, Defendants are still holding Plaintiff's $1.5 million.

## VI.
## Causes of Action

### A.     FRAUD/FRAUD IN THE INDUCEMENT

23.     Plaintiff incorporates the preceding Paragraphs of this Petition as if set forth in full below.

24.     Defendants made multiple, material representations to Plaintiff while in Texas.

25.     When Defendants made those representations, Defendants knew they were false, or made such representations recklessly.

26.     Plaintiff justifiably relied on Defendants' misrepresentations. Plaintiff has suffered damages as a result.

27.     Plaintiff never agreed to the second financing agreement. The first agreement was procured by fraud.

28.      Defendants' conduct was willful, purposeful, and malicious such that punitive damages are appropriate.

**B.**     **Conversion**

29.     Plaintiff incorporates the preceding Paragraphs of this Petition as if set forth in full below.

30.     Defendants have wrongfully taken dominion and control over monies that are rightfully the Plaintiff's.

31.     As a result of Defendants' conversion, Plaintiffs have suffered significant damages. Because of the nature of Defendant's actions, Plaintiff seeks an award of punitive damages.

32.     Defendants' conduct constitutes constructive fraud. Plaintiff therefore seeks a constructive trust over those monies wrongfully held by Defendant.

**C.**     **Declaratory Judgment**

33.     Plaintiff seeks a declaratory judgment from this Court that the second financing agreement is not operative; that is, Plaintiff never agreed to such and it has no force and effect. Further, Plaintiff seeks a declaration from this Court that the "Settlement Agreement" executed by Plaintiff is not operative or binding because Defendants failed to comply with it, and thus if fails for lack of consideration. Further, Defendants knew when it signed said agreement that they would not return monies within 48 hours as stated therein. Plaintiff seeks attorneys' fees related to this cause of action.

## VII.
### Prayer

34.     Upon trial of this matter, Plaintiffs respectfully requests:

a.     Damages proximately caused by Defendant's wrongful conduct in an amount to be proved, but no less than $1.5 million;

7

b.      Attorneys' fees of at least $250,000, and costs of court;

c.      Punitive damages of at least $5,000,000; and

g.      Any other and further relief to which Plaintiff shows himself to be justly entitled, either at law or in equity.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:      */s/ Anthony G. Buzbee*
        Anthony G. Buzbee
        State Bar No. 24001820
        J.P. Morgan Chase Tower
        600 Travis, Suite 7300
        Houston, Texas 77002
        Telephone: (713) 223-5393
        Facsimile: (713) 223-5909
        www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 1-C

11/4/2014 5:02:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3065570
By: Charleta Johnson
Filed: 11/4/2014 5:02:16 PM

# THE BUZBEE LAW FIRM

### *www.txattorneys.com*

**Reply to:** Houston Office

November 4, 2014

**Via Electronic Filing**
Chris Daniels
Harris County District Clerk
201 Caroline
Houston, Texas 77002

Re: Cause No. 2014-60989; *Anthony G. Buzbee v. Gayle Dickie, et al.*; In the 234th Judicial District Court of Harris County, Texas.

Clerk:

Please prepare the citation for the following Defendants with regards to the previously filed **Plaintiff's Original Petition**:

1. Defendant Hey Girl Hey Entertainment, L.L.C. is a limited liability company headquartered in California. This Defendant can be served via its registered agent: Gayle Dickie, 20000 Winnietka Pl, Woodland Hills, CA 91364;
2. Defendant Weathervane Productions, Inc. is a corporation headquartered in Nevada. This Defendant can be served via its registered agent: EASTBIZCOM, INC., 5348 Vegas Drive, Las Vegas, Nevada 89108;
3. Defendant Gayle Dickie may be served at 20000 Winnietka Pl., Woodland Hills, CA 91364;
4. Defendant James Allen Bradley may be served at 250 S. Pasadena Ave #207, Pasadena, CA 91105; &
5. Defendant Jason VanEman may be served at PO Box 3524 Bartlesville, OK 74006.

Once the citations are completed, please call me at our office and we will handle proper service of Defendants. If you have any questions regarding this matter, please do not hesitate to contact me. Thank you in advance for your assistance. As always, I am,

Very truly yours,

/s/ Leticia De La Cruz

Leticia De La Cruz
Assistant to Anthony G. Buzbee

AGB/ld

| | | |
|---|---|---|
| 1910 Ice & Cold Storage Building | J.P. Morgan Chase Tower (Principal Office) | 200 East Cano |
| 104 21st Street (Moody Ave.) | 600 Travis, Suite 7300 | Edinburg, Texas 78539 |
| Galveston, Texas 77550 | Houston, Texas 77002 | By Appointment Only |
| By Appointment Only | Telephone: (713) 223-5393 | |
| | Facsimile: (713) 223-5909 | |

# EXHIBIT 1-D



# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

CONFIRMED FILE DATE: 11/5/2014

## Civil Process Pick-Up Form

*All Information on this form is required.

**\*CAUSE NUMBER** 201460989

**\*ATY** [X]   **\*CIV** [ ]                                    **\*Court #** 215

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY:** Wallace, Anthony   **PH:** 7132035393

**\*CIVIL PROCESS SERVER:** _____

**\*PH:** _____

**\*PERSON NOTIFIED SVC READY:** Leticia Delacruz

**\*DATE:** put in easy serve box 26

**\*30th day after date of issuance** 5 DEC 2014

| Type of Service Document: | Cut | Tracking Number: | 73074777 |
| Type of Service Document: | | Tracking Number: | 73074775 |
| Type of Service Document: | | Tracking Number: | 73074773 |
| Type of Service Document: | | Tracking Number: | 73074705 |
| Type of Service Document: | | Tracking Number: | 73074704 |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |

**\*Civil Process papers prepared by:** Johnson, c

**\*Date:** 5 NOV 2014

**\*Process papers released to:** C Howe

**\*Process papers released by:** W. M.

**\*Date:** 11-6, 2014   Time: 9:30   (AM)/ PM

Revised 02/20/12

EXHIBIT 1-E

11/18/2014 2:05:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3216127
By: LAWANDA CORNETT
Filed: 11/18/2014 2:05:06 PM

## CAUSE NO. 2014-60989

| | | |
|---|---|---|
| BUZBEE, ANTHONY G , | § | |
| **PLAINTIFF** | § | |
| | § | IN THE 234TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| DICKIE, GAYLE , | § | |
| **DEFENDANT** | § | |
| | § | |

### RETURN OF SERVICE

**ON Friday, November 14, 2014 AT 08:47 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION **CAME TO HAND.**

 **ON Monday, November 17, 2014 AT 09:32 AM, I, MAURICE HICKS SR, DELIVERED BY PERSONAL SERVICE THE ABOVE-NAMED DOCUMENTS TO:** WEATHERVAN PRODUCTIONS INC (A CORPORATION), C/O REGISTERED AGENT EASTBIZCOM INC, BY DELIVERING TO SETH SYSUM, RECEPTIONIST, 5348 VEGAS DR, LAS VEGAS, NV 89108.

My name is MAURICE HICKS SR. My address is 3753 Howard Hughes Parkway, Ste. 200, Las Vegas, Nevada 89169, USA. My date of birth is October 2, 1961. I am over the age of 18, and have no interest in this case. I am authorized to serve process within the state of NV. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed in CLARK COUNTY, NV, on Monday, November 17, 2014.

/S/ MAURICE HICKS SR

DocID: P225700_1

ANTHONY BUZBEE

EXHIBIT 1-F

CONFIRMED FILE DATE: 11/19/2014

CAUSE NUMBER _2014   60989_

Anthony Buzbee
PETITIONER

§   IN THE DISTRICT COURT OF

§   HARRIS COUNTY, TEXAS

VS.

Gayle Dickie et al
RESPONDENT

§   234 JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS  §

**THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of ___two thousand five hundred___ Dollars ($ _2,500_ ), to be deposited with the Registry of the Court in lieu of a Temporary Restraining Order Bond or a Temporary Injunction Bond, as required by Rule 684, T.R.C.P, in the above styled and numbered cause as provided by the order entered on the ___19___ day of ___November___, 20_14_.

This cash deposit is made and received in lieu of TEMPORARY RESTRAINING ORDER or TEMPORARY INJUCTION, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a TEMPORARY RESTRAINING ORDER BOND OR A TEMPORARY INJUCTION BOND in accordance with the Order of the Court.

**WITNESS** my hand and seal of office this _19_ day of _Nov_ _____ A.D., 20 _14_ .

**FILED**
Chris Daniel
District Clerk

NOV 19 2014

Time:_____
Harris County, Texas
By_____
Deputy

Chris Daniel , District Clerk
Harris County, Texas
Po Box 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

Principal: _____

Attorney: _Kyle Beckley_

Bar Number: _24071966_

Page 1 of 1

EXHIBIT 1-G

P.3
T RORX
ST BN X
C IASo

CAUSE NO. 2014-60989

| | | |
|---|---|---|
| ANTHONY G. BUZBEE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| GAYLE DICKIE, JASON, | § | 234th JUDICIAL DISTRICT |
| VANEMAN, JAMES, | § | |
| ALLEN BRADLEY, | § | |
| WEATHERVANE PRODUCTIONS, INC., | § | |
| FORREST CAPITAL PARTNERS, INC., | § | |
| FORREST CAPITAL AND CO LLC, | § | |
| FIRST CLEARING LLC, | § | |
| WELLS FARGO BANK, N.A., | § | |
| WELLS FARGO | § | |
| ADVISORS, LLC, | § | |
| and HEY GIRL HEY ENTERTAINMENT, | § | |
| LLC/3WAY FILMS | § | |
| Defendants. | § | |



FILED
Chris Daniel
District Clerk
NOV 1 9 2014
Time: 10:28 A.m.
Harris County, Texas
By ____
Deputy

**JURY TRIAL DEMANDED**

## TEMPORARY RESTRAINING ORDER

1.      After considering Plaintiff Anthony Buzbee's application for temporary restraining order, the pleadings, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff, and if the Court does not issue the temporary restraining order, Plaintiff will be irreparably injured because Defendants have already indicated an intent to move Plaintiffs funds into other projects without his approval.  As a result, evidence critical to Plaintiff's case will be forever lost or destroyed and Plaintiff will be denied an adequate remedy at law

2.      An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur.  Specifically, Defendants have already indicated their intent to use the subject funds to finance another project without the approval of

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Plaintiff.

    3.      Therefore, by this Order, the Court does the following:

        a.      Restrains and enjoins Defendants  from, in any way,  from moving, transferring, changing, altering, withdrawing, disposing of, any funds held in the Wells Fargo Bank Account #4122023377, were the initial transfer of funds took place, pending further hearing on the temporary injunction;

        b.      Restrains and enjoins Defendants from, in any way, from moving, transferring, changing, altering, withdrawing, disposing of, any of Plaintiff's funds made part of the original financing agreement, pending further hearing on the temporary injunction;

        d.      Restrains and enjoins Defendants First Clearing LLC, Forrest Capital Partners, Inc., Forrest Capital & Co, and Weathervane Productions, Inc. from, in any way, from moving, transferring, changing, altering, withdrawing, disposing of, any funds in Wells Fargo Bank Account maintained and controlled by Defendant Wells Fargo Bank NA or Wells Fargo Financial Advisors, LLC, or any other related Wells Fargo entity, pending further hearing on the temporary injunction.

    4.      The court further orders the clerk to issue notice to Defendants, that the hearing on Plaintiff's application for temporary injunction is set for _Dec 1_____, 2014, at _4:00___ a.m.(p.m) The purpose of the hearing will be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

    5.      The court sets bond at $ _2500.00/100_
This order expires on _Dec 3_____, 2014. at 10³⁰ am

SIGNED on _Nov. 19_____, 20_14_, at _10 30_ (a.m)/p.m.

_____
PRESIDING JUDGE